STEVEN FELAK, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
FELAK v. COMMISSIONER
Docket No. 21131-87
United States Tax Court
T.C. Memo 1989-543; 1989 Tax Ct. Memo LEXIS 543; 58 T.C.M. (CCH) 324; T.C.M. (RIA) 89543; September 28, 1989
Steven Felak, Jr., pro se. Gordon L. Gidlund, for the respondent. WILLIAMS
MEMORANDUM FINDINGS OF FACT AND OPINION WILLIAMS, Judge: The Commissioner determined deficiencies in petitioner's Federal income tax as follows: Additions to Tax
Deficiency
Section 6653(b) [1]
Section 6654
1979
$ 48,832
$ 24,416
$ 1,655
1980
76,911
38,456
3,857
1981
96,355
48,178
5,679
*544 The issues we must decide are: (1) whether petitioner is entitled to deductions for charitable contributions, (2) whether petitioner is entitled to depreciate certain farm machinery, (3) whether petitioner is entitled to deductions for losses sustained on account of his advances to a business, and (4) whether petitioner is liable for additions to tax pursuant to section 6653(b). FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in Brooklyn Center, Minnesota at the time the petition was filed in this case. During the years in issue petitioner was employed by Northwest Airlines, Inc. ("Northwest"). Petitioner received wage income from Northwest in the amounts of $ 96,216, $ 108,455, and $ 121,261 in 1979, 1980, and 1981, respectively. Petitioner also received interest income in the amounts of $ 1,568, $ 338, and $ 438, and dividend income in the amounts of $ 19,689, $ 66,095, and $ 66,125 in 1979, 1980, and 1981, respectively. Petitioner failed to file income tax returns for the years in issue. *545 On February 6, 1987, petitioner was convicted in the United States District Court for the District of Minnesota for income tax evasion pursuant to section 7201 for 1979, 1980, and 1981. In 1977 petitioner made an unsecured loan of $ 10,200 to James and Niame Hawks for the purchase of a tub grinder to be used on their farm. Petitioner claimed depreciation deductions in respect of this farm equipment. During the years in issue, petitioner advanced pursuant to an oral agreement at least $ 100,000 in a business known as Direct Discount Office Supplies. Direct Discount Office Supplies, a sole proprietorship, was operated by Paul Grasz, the husband of petitioner's niece. Direct Discount Office Supplies ceased operating as a business in 1982 (after the years in issue). OPINION Respondent's determination of a deficiency is presumptively correct. Petitioner, therefore, bears the burden of proving respondent's deficiency determination to be erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure.
Petitioner contends that he is entitled to a deduction for charitable contributions he made during the years in issue. Petitioner, however, offered no evidence at trial to *546 support his claim to the charitable contributions or the amount of the deduction. Petitioner estimated the aggregate amount of his contributions without specificity. In an attempt to support his case, after trial petitioner ex parte submitted a packet of materials detailing his alleged charitable contributions during the years in issue. Petitioner had a full and fair opportunity to present his case at trial. In deciding any case we will not consider material not entered into evidence. Perkins v. Commissioner, 40 T.C. 330, 340 (1963); Rule 143(b), Tax Court Rules of Practice and Procedure. Petitioner's attempt to supplement the evidence in the record is without justification. No reason has been offered for petitioner's failure to adduce this material before trial as required by this Court's pretrial order. [2] Petitioner has failed to prove that he is entitled to a charitable contribution deduction. Next, petitioner argues that he is entitled to depreciate certain farm machinery used by James and Niame Hawks. Petitioner contends that he was engaged in a joint venture with the *547 Hawks and bought the machinery for their business. Respondent argues that petitioner was a creditor of the Hawks, who used the proceeds of the loan to purchase the equipment for themselves. Petitioner offered no evidence of the terms of any agreement with the Hawks. He has no records of their business venture and did not offer the Hawks' testimony. Indeed, petitioner's testimony suggests that he "gave" the Hawks $ 22,000 in exchange for "collateral" because they were having financial difficulties in "their" farming operation. He "loaned them another, about up to $ 40,000." We hold, therefore, that petitioner has not proven that he is the owner of the farm machinery. He seems to have been a creditor of the Hawks, not a joint venturer with them. Consequently, he cannot depreciate the equipment. The next issue we must decide is whether petitioner is entitled to a deduction for a nonbusiness bad debt pursuant to section 166(d) or a loss pursuant to section 165 in respect of money he advanced the Direct Discount Office Supply. The evidence before us suggests that Direct Discount Office Supply went out of business in 1982 and that the debt became worthless in 1982, a year not before *548 us. Consequently, petitioner did not realize a loss during the years in issue and may not claim a deduction pursuant to section 165 or section 166(d). The final issue we must address is whether petitioner is liable for additions to tax pursuant to section 6653(b) for fraud. Petitioner's conviction of income tax evasion for the years in issue establishes that petitioner's underpayment of tax is attributable to fraud. Conviction for Federal income tax evasion establishes fraud in a subsequent civil tax proceeding by reason of collateral estoppel because the elements of the addition to tax for fraud are identical to the elements of the crime of tax evasion. See Montana v. United States, 440 U.S. 147 (1979); Commissioner v. Sunnen, 333 U.S. 591 (1948); Local 167, Int'l Brotherhood of Teamsters v. United States, 291 U.S. 293 (1934). Consequently, we hold that petitioner is liable for additions to tax pursuant to section 6653(b) for the years in issue. Decision will be entered pursuant to Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect for the years in issue, unless otherwise indicated.↩
2. See transcript of proceedings of June 21, 1988, at pages 9-10 and 31-33.↩